UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>TIMOTHY E. LYON and MONICA A. LYON<br><br>Debtors. | Case No. 23-10102-CMA |
| CRISTIAN CRAIOVEANU and<br>YUNSUN WEE, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>TIMOTHY E. LYON and MONICA A. LYON,<br>a married couple, and the marital community<br>comprised thereof,<br><br>Defendants. | Adversary Proceeding No.<br><br>COMPLAINT TO EXCEPT DEBT FROM DISCHARGE UNDER SECTION 523 AND FOR JUDGMENT AGAINST DEBTORS TIMOTHY LYON AND MONICA LYON |

Plaintiffs Cristian Craioveanu and Yunsun Wee, a married couple ("Plaintiffs"), by and through their undersigned attorneys, state and allege as follows:

**PARTIES AND JURISDICTION**

1. Plaintiffs are a married couple residing in Sammamish, Washington.

2. Defendants Timothy E. Lyon ("Lyon") and Monica A. Lyon (collectively, the "Defendants") are a married couple who according to their Petition, reside in Covington, King

COMPLAINT TO EXCEPT DEBTS FROM DISCHARGE
AND FOR JUDGMENT AGAINST DEBTORS - 1
#5367415 v4 / 75725-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1 | County, Washington. All acts and omissions alleged to have been committed by Lyon were for and on behalf of himself individually as well as the Defendants' marital community.

3. On January 20, 2023, the Defendants filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Western District of Washington Bankruptcy Case No. 23-10102-CMA (the "Bankruptcy Case"). Defendants listed Plaintiffs as a "Mainsail Customer" in their schedules as unsecured creditors with a noncontingent, liquidated and undisputed claim of $100,071.75. Plaintiffs' claim is based on payments totaling this amount that Defendants fraudulently induced Plaintiffs to make to MS Stern, LLC, d/b/a Transblue Bellevue ("Transblue"), which is owned by Mainsail Construction LLC ("Mainsail"). Defendants caused Mainsail to file another Chapter 7 case pending in this district under Case No. 23-10018-TWD. Mainsail also scheduled Plaintiffs as customers and unsecured creditors with a noncontingent, liquidated and undisputed debt owed in the amount of $100,071.75. Defendants are the members and owners of Mainsail. To the extent Defendants may later assert that Plaintiffs' claim is against only Mainsail and/or Transblue (which Plaintiffs deny), Plaintiffs' claim against the Defendants is in the alternative based on individual liability theories including alter ego, veil piercing, and conspiracy by and among Defendants, Transblue, and Mainsail.

4. This Court has jurisdiction to adjudicate this proceeding under 28 U.S.C. §§ 157(b)(1) and 1334 and G.R. 7 (W.D. Wash.).

5. This case is a matter arising in a proceeding under Title 11 of the United States Code and is a core proceeding under 28 U.S.C. § 157(b)(2).

6. Venue in this court is proper pursuant to 28 U.S.C. § 1409.

**GENERAL ALLEGATIONS**

7. Defendants hold 100% of the ownership interest in Mainsail.

8. Mainsail holds 100% of the ownership interest in Transblue.

9. Lyon is the Manager and President of Mainsail and Transblue.

10. On June 29, 2022, Plaintiffs entered into a construction contract with Transblue

COMPLAINT TO EXCEPT DEBTS FROM DISCHARGE
AND FOR JUDGMENT AGAINST DEBTORS - 2
#5367415 v4 / 75725-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

(the "Contract").

11. The Contract provided for remodel work (the "Project") to be performed on Plaintiffs' home by "Transblue," aka Mainsail, with a cost estimate of $363,564.55.

12. The Contract required payment from Plaintiffs as follows: 25% down the week of July 4, 2022, 25% by end of July 2022, 30% midway through the Project, and 20% upon completion.

13. Pursuant to the Contract, Plaintiffs paid "Transblue" $100,071.15 as a deposit (the "deposit") to be used for the work to be performed under the Contract.

14. The funds were deposited using QuickBooks software, with merchant details reflecting the email address of Monica Lyon as "merchant" and the contact information of the Lyons.

15. Transblue/Mainsail performed no work under the Contract.

16. At the time of entering into the Contract, Mainsail's primary source of working capital was customer deposits such as those provided by Plaintiffs. Mainsail used these deposits, including Plaintiffs' payments, to complete older jobs and pay salaries to Defendants personally and to Mainsail's employees. Based on the fact that most of its obligations were consumer deposits, that it was insolvent, and bank statements showing it had been insolvent for at least a year prior to its bankruptcy filing, it appears Mainsail's primary source of working capital was customer deposits such as the Plaintiffs', which Mainsail was using to compete older jobs and pay salaries to Defendants and to Mainsail's employees.

17. Lyon and Transblue/Mainsail did not use any of Plaintiffs' deposit for any work prescribed by the Contract, despite representations that it would and could do so.

18. At the time Mainsail took Plaintiffs' deposits, it had effectively become a Ponzi scheme orchestrated by Defendants. Plaintiffs would not have entered into the Contract had they known that their payments to Transblue/Mainsail would be used as such.

COMPLAINT TO EXCEPT DEBTS FROM DISCHARGE
AND FOR JUDGMENT AGAINST DEBTORS - 3
#5367415 v4 / 75725-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

19. Based on their communications with Mainsail/Transblue, Plaintiffs understood their deposit would be used for their Project, and Plaintiffs justifiably relied on this representation as an inducement to enter into the Contract.

20. Plaintiffs further relied on their understanding that Mainsail had the ability to complete the work they were contracted to perform. Plaintiffs would not have contracted had they known Mainsail/Transblue lacked the ability to complete the work.

21. Mainsail/Transblue ceased doing business approximately four months after receiving Plaintiffs' deposit.

22. On January 6, 2023, Mainsail filed a petition for relief (the "Mainsail Case") under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

23. Based on information obtained through the Mainsail Case and other sources, in the year prior to filing for bankruptcy, Mainsail was hemorrhaging money and was insolvent for at least a year prior to filing the Mainsail Case, and prior to taking Plaintiffs' money. The majority of Mainsail's scheduled debts are customer deposits like Plaintiffs' deposit, and on information and belief, Defendants were taking and using customer deposits to pay for other customer projects, and this cash-in/cash-out operation had been going on for at least a year as Mainsail/Transblue slid further and further into debt.

24. Defendants knew, should have known, or recklessly disregarded the fact that they and Mainsail/Transblue were on the verge of unavoidable bankruptcy, that Mainsail/Transblue would not be able to perform under the Contract, and that Plaintiffs' deposit would be used to pay other debts.

**FIRST CLAIM FOR RELIEF**
**EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

25. Plaintiffs restate and reincorporate by reference the allegations set forth in the preceding paragraphs of this Complaint.

COMPLAINT TO EXCEPT DEBTS FROM DISCHARGE
AND FOR JUDGMENT AGAINST DEBTORS - 4
#5367415 v4 / 75725-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

26. Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge "does not discharge an individual debtor from any debt . . . for money [or] property . . . to the extent obtained by false pretenses, a false representation, or actual fraud[.]"

27. With respect to the allegations in this Complaint, agents of Mainsail/Transblue acted on behalf of Defendants as well as Mainsail/Transblue.

28. Defendants, through and on behalf of themselves and Mainsail, obtained at least $100,071.15 in payments from Plaintiffs through false pretenses, false representations, omissions, or actual fraud, in particular, Lyon's wanton disregard of the fact that Mainsail/Transblue had no ability to complete the work they were contracted to perform.

29. Plaintiffs seek recovery of $100,071.15 against Defendants as well as their affiliate and alter ego entities Mainsail and Transblue, with whom Lyon conspired to deprive Plaintiffs of their funds for their own benefit.

30. Defendants, on behalf of themselves and their affiliate and alter ego entities, Mainsail and Transblue, falsely represented to Plaintiffs that their money would be used to perform the Project provided for under the Contract, when in fact the money was intended to be used for other projects and to pay the Lyons' own salaries, and when in fact the money was used for those purposes.

31. Lyon knew, should have known and/or recklessly disregarded the fact that Plaintiffs' deposit would not be used for the Project described under the Contract, and knew that Mainsail/Transblue was insolvent and due to its financial condition had no intent or ability to fulfill its contractual obligations to Plaintiffs when inducing Plaintiffs to pay the deposit.

32. Plaintiffs had no knowledge or belief that their deposit would be used for purposes other than the Project described under the Contract, or that Defendants and Mainsail/Transblue were insolvent and lacked the ability to perform the contracted work.

33. Plaintiffs are not required to prove reliance on an omission, but to the extent such reliance is required, Plaintiffs justifiably relied on Lyon's and Mainsail/Transblue's

COMPLAINT TO EXCEPT DEBTS FROM DISCHARGE
AND FOR JUDGMENT AGAINST DEBTORS - 5
#5367415 v4 / 75725-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  representations and omissions and Defendants intended Plaintiffs to rely on such representations and omissions.

34. Plaintiffs would not have paid the deposit had they known of Defendants' and Mainsail/Transblue's misrepresentations; Plaintiffs were therefore harmed in the principal amount of $100,071.15.

35. Defendants abused the corporate form by using Mainsail/Transblue to perpetrate a fraud against Plaintiffs.

36. The liability-causing activity described above did not occur only for the benefit of Mainsail/Transblue; the companies and their controllers, the Lyons, are therefore alter egos.

37. The Corporate form should be disregarded and all liabilities of Mainsail/Transblue to Plaintiffs should be the personal, non-dischargeable liabilities of Defendants.

**SECOND CLAIM FOR RELIEF**
**EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(6)**

38. Plaintiffs restate and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

39. Section 523(a)(6) of the Bankruptcy Code provides that a discharge "does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity."

40. Defendants willfully misdirected and used Plaintiffs' deposit payments with knowing and reckless disregard for the fact that Mainsail/Transblue lacked the ability to perform on the Contract, for their own personal gain, and for the benefit of their alter ego company Mainsail and/or Transblue.

41. Defendants' use of Mainsail/Transblue to obtain a deposit from Plaintiffs. knowingly or recklessly disregarding the fact that Mainsail/Transblue had no ability to perform the work as contracted constituted an act of intentional conversion.

42. Defendants' actions and inactions injured Plaintiffs to the extent that Plaintiffs now

COMPLAINT TO EXCEPT DEBTS FROM DISCHARGE
AND FOR JUDGMENT AGAINST DEBTORS - 6
#5367415 v4 / 75725-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

seek to hold Defendants liable for payments of at least $100,071.15.

**REQUEST FOR RELIEF**

Plaintiffs requests the court enter judgment against Defendants as follows:

1. For judgment against Defendants and their marital community in the principal amount of $100,071.15 plus interest;

2. For an order determining that Defendants' obligation to Plaintiffs in the principal amount of $100,071.15 plus interest is excepted from any discharge entered in the Defendants' Bankruptcy Case;

3. For Plaintiffs' costs and reasonable attorneys' fees; and

4. For such additional relief as the court considers appropriate.

DATED this 14th day of April, 2023.

KARR TUTTLE CAMPBELL
*Attorneys for the Plaintiffs*

*s/ Michael M. Feinberg*
Daniel T. Hagen, WSBA #54015
Mark A. Bailey, WSBA #26337
Michael M. Feinberg, WSBA #11811
Maria Y. Hodgins, WSBA #56924
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-223-1313
Facsimile: 206-682-7100
Email: dhagen@karrtuttle.com
  mbailey@karrtuttle.com
  mfeinberg@karruttle.com
  mhodgins@karrtuttle.com
*Attorneys for Plaintiffs*

COMPLAINT TO EXCEPT DEBTS FROM DISCHARGE
AND FOR JUDGMENT AGAINST DEBTORS - 7
#5367415 v4 / 75725-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

**CERTIFICATE OF SERVICE**

I, Annaliese K. Sier, affirm and state that I am employed by Karr Tuttle Campbell in King County, in the State of Washington. I am over the age of 18 and not a party to the within action. My business address is: 701 Fifth Avenue, Suite 3300, Seattle, Washington 98104. On this day, I caused to be filed with the Court a true and correct copy of the foregoing document via the Court's electronic filing system, which caused service of the document to all parties registered to receive notifications through CM/ECF.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 14th day of April, 2023, at Seattle, Washington.

*s/ Annaliese K. Sier*
Annaliese K. Sier
Paralegal

COMPLAINT TO EXCEPT DEBTS FROM DISCHARGE
AND FOR JUDGMENT AGAINST DEBTORS - 8
#5367415 v4 / 75725-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100